Sean M. Sullivan (Bar No. 254372)
Email: sean.sullivan@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Jered E. Matthysse (*Pro Hac Vice* forthcoming)
Email: jmatthysse@pirkeybarber.com
Ryan J. Miller (*Pro Hac Vice* forthcoming)
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, Texas 78702
Telephone: 512-322-5200
Fax: 512-322-5201

Attorneys for Plaintiff Atom Tickets, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATOM TICKETS, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Atom Tickets, LLC, appearing through its undersigned counsel, brings this Complaint for Declaratory Judgment against Great Bowery, Inc. d/b/a Trunk Archive and alleges as follows:

## **NATURE OF ACTION AND JURISDICTION**

1.　　This is an action for a declaratory judgment of non-infringement under the Copyright Act, 17 U.S.C § 501 *et seq*.

2.　　This Court has subject matter jurisdiction to grant the requested declaratory relief under 28 U.S.C. §§ 1331 and 1338(a).

3.　　Venue in this district is proper under 28 U.S.C. §§ 1391(b)(2) and 1400.

**THE PARTIES**

4.      Plaintiff Atom Tickets, LLC ("Atom Tickets") is a California limited liability company with a principal place of business at 2700 Colorado Avenue, 4th Floor, Santa Monica, California 90404.

5.      Defendant Great Bowery, Inc. d/b/a Trunk Archive ("Defendant") is a Delaware corporation with a principal place of business at 433 Broadway, Suite 420, New York, New York 10013.

6.      Defendant is registered with the California Secretary of State as an active business and maintains registered agents in California. In its initial filing with the California Secretary of State, Defendant listed 101 South Robertson Boulevard, Suite 210, Los Angeles, California 90048 as one of its corporate addresses.

**FACTS**

**A.      Atom Tickets & The Article**

7.      Atom Tickets is an award-winning company that has changed the way people go to the movies with its revolutionary social movie ticketing app and website.

8.      To help moviegoers make the best decision on what to see, Atom Tickets' free app and website provides reviews, trailers, and synopses of movies, including articles about upcoming movies written by third-party authors.

9.      On May 22, 2019, third-party author Phil Pirrello published an article on Atom Tickets' website in anticipation of the upcoming release of the movie *Star Wars: The Rise of Skywalker* titled "New 'Rise of Skywalker' Images Reveal New Characters, Epic Lightsaber Battle." Attached hereto as **Exhibit A** is a copy of this article from The Internet Archive (the "Article").

10.     Around the time of this publication, the topic of the upcoming movie *Star Wars: The Rise of Skywalker* was of public interest.

11.     The Article in-line embedded Twitter posts with certain photographs regarding the upcoming movie *Star Wars: The Rise of Skywalker* (the "Photographs"). To show the Twitter posts, the Article contained Hypertext Markup Language

("HTML") instructions that directed users' browsers to retrieve and show the posts, which were stored on Twitter's server.

12.    In particular, the Article in-line embedded the following Twitter posts stored on Twitter's server (the "Twitter Posts"):

a.    https://twitter.com/jowrotethis/status/1131173590026543104?ref_src=twsrc%5Etfw;

b.    https://twitter.com/jowrotethis/status/1131176694537019392?ref_src=twsrc%5Etfw;

c.    https://twitter.com/jowrotethis/status/1131175397997940736?ref_src=twsrc%5Etfw; and

d.    https://twitter.com/VanityFair/status/1131185843538976779?ref_src=twsrc%5Etfw.

Attached hereto as **Exhibit B** are true-and-correct screenshots of the Twitter Posts.

13.    The Photographs in these Twitter Posts were newsworthy.

14.    The Article describes and analyzes the Photographs displayed in the Twitter Posts, and provides commentary about the Photographs.

**B.    In-Line Embedding Twitter Content and the Twitter License**

15.    Twitter is based in San Francisco, California.

16.    The Twitter Posts and the Photographs were stored on Twitter's servers.

17.    Twitter's Terms of Service provide: "By submitting, posting or displaying Content on or through the Services, you grant us a worldwide, non-exclusive, royalty-free license (with the right to sublicense) to use, copy, reproduce, process, adapt, modify, publish, transmit, display and distribute such Content in any and all media or distribution methods now known or later developed (for clarity, these rights include, for example, curating, transforming, and translating). This license authorizes us to make your Content available to the rest of the world and to let others do the same. You agree that this license includes the right for us to provide, promote, and improve the Services and to make Content submitted to or through the Services

3

999999-00902155/7102345.3

available to other companies, organizations or individuals for the syndication, broadcast, distribution, Retweet, promotion or publication of such Content on other media and services, subject to our terms and conditions for such Content use. Such additional uses by us, or other companies, organizations or individuals, is made with no compensation paid to you with respect to the Content that you submit, post, transmit or otherwise make available through the Services as the use of the Services by you is hereby agreed as being sufficient compensation for the Content and grant of rights herein."

18.    Twitter allows users to in-line embed Twitter posts by providing HTML code that allows users to embed posts on another webpage (the "Twitter Embedding Tool"). Embedding is a method of pointing a user's browser to an address where content may be found.

19.    This Twitter Embedding Tool provided the HTML instructions that Atom Tickets used to embed the Twitter Posts, which were hosted on and transmitted from Twitter's servers.

20.    As a result, when users accessed the Article, the Twitter Posts and the Photographs displayed therein were retrieved from Twitter's servers, not Atom Tickets' servers.

**C.    The Parties' Pre-Lawsuit Communications**

21.    On information and belief, Defendant, Defendant's agent, and/or Defendant's predecessor in interest posted and/or authorized the posting of the Photographs contained in the Twitter Posts.

22.    By posting the Photographs on Twitter, Defendant, Defendant's agent, and/or Defendant's predecessor in interest granted Twitter a license to use the Twitter Posts and the Photographs, and the authority to license others to embed the Twitter Posts and the Photographs.

23.    On information and belief, on January 16, 2020, Defendant applied for copyright registrations for the Photographs.

**COMPLAINT FOR DECLARATORY JUDGMENT**

24.     Over three years later, Defendant's counsel, Higbee & Associates, emailed Atom Tickets, claiming that the Article infringed Defendant's copyrights in the Photographs and stating that "[i]f we cannot resolve this matter, my client can seek the maximum justifiable damages in federal court." Attached hereto as **Exhibit C** is a true-and-correct copy of this email. This email contained a link that resolved to a website with a demand for $48,000 to "settle the matter out of court." Attached as **Exhibit D** is a true-and-correct copy of this website.

25.     On information and belief, in sending the communications shown in Exhibits C and E, Defendant knew that Atom Tickets was located in California.

26.     On June 7, 2023, Atom Tickets' counsel responded to Defendant's counsel, noting that the photographs were in-line embedded from a third-party server (Twitter), which could not constitute copyright infringement. Attached hereto as **Exhibit E** is a true-and-correct copy of this response, as well as the parties' subsequent communications.

27.     Thereafter, in the face of Defendant's counsel's repeated refusal to engage on the merits of Defendant's claim, Atom Tickets maintained that it could not be liable for copyright infringement because in-line embedding photographs cannot constitute copyright infringement. During the parties' negotiations, Atom Tickets' counsel pointed to a recent Nevada district court decision that awarded attorneys' fees to a defendant in similar circumstances, finding that it was objectively unreasonable for the plaintiff (another Higbee & Associates client) to have argued—as Defendant argues here—that in-line embedding photographs from a third-party server constitutes copyright infringement.

28.     Despite the case law supporting Atom Tickets' arguments, Defendant's counsel repeatedly rejected Atom Tickets' good-faith offers without ever substantively addressing Atom Tickets' arguments relating to in-line embedded photographs or the Nevada district court decision.

29.    On July 17, Defendant's counsel finally advised that Defendant would not accept less than $44,000, stating that Atom Tickets' counsel's "arguments that there can be no copyright-infringement liability for inline-linked images is misguided and will result in escalation of this claim to our litigation department if we are not able to come to an amicable settlement."

30.    The parties have thus reached a clear impasse in their negotiations, as Defendant's counsel has advised that Defendant must be paid $44,000 for a copyright infringement claim that is not cognizable in the Ninth Circuit.

31.    There is a live case or controversy regarding Defendant's allegations.

32.    In response to Defendant's allegations of copyright infringement and threat to file a lawsuit against Atom Tickets, Atom Tickets has filed this declaratory judgment action to clarify and settle its legal rights.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## (COPYRIGHT ACT, 17 U.S.C. § 501 *et seq.*; 28 U.S.C. §§ 2201-02)

33.    Atom Tickets incorporates and re-asserts the allegations above.

34.    Defendant has expressly accused Atom Tickets of copyright infringement and threatened legal action in its communications to Atom Tickets.

35.    However, Defendant cannot prove the elements of copyright infringement under the Copyright Act.

36.    Specifically, Defendant cannot prove that Atom Tickets infringed any of Defendant's exclusive rights as set forth 17 U.S.C. § 106. The Ninth Circuit recently re-affirmed the "server test," namely, that in-line embedding, such as Atom Tickets' in-line embedding of the Twitter Posts, does not violate the display right under 17 U.S.C. § 106(5).

37.    Additionally, Atom Tickets was granted an implied license to use the Photographs.

**COMPLAINT FOR DECLARATORY JUDGMENT**

999999-00902155/7102345.3

1    38.    Atom Tickets' use of the Photographs was also fair use under 17 U.S.C.

2    § 107.

3    39.    Accordingly, Atom Tickets has not infringed or violated any of

4    Defendant's rights.

5    40.    Atom Tickets asks the Court to enter a declaratory judgment to that effect

6    under the Copyright Act and 28 U.S.C. §§ 2201 and 2202.

7    41.    An actual case or controversy exists about these issues, as shown by

8    Defendant's unambiguous claims and legal threats in its communications to Atom

9    Tickets, in which Defendant threatened legal action.

10   42.    Atom Tickets is entitled to a declaratory judgment to clarify and settle its

11   legal rights.

12                                    **PRAYER**

13   Atom Tickets asks the Court to:

14   A.    Enter a declaratory judgment of non-infringement for Atom Tickets

15         under the Copyright Act and 28 U.S.C. §§ 2201 and 2202;

16   B.    Award Atom Tickets its costs and reasonable attorneys' fees under 17

17         U.S.C § 505; and

18   C.    Award any other relief that the Court deems just and proper.

19   DATED: July 21, 2023          PROCOPIO, CORY, HARGREAVES &
                                    SAVITCH LLP
20

21

22                                 By:  /s/ Sean M. Sullivan
                                        Sean M. Sullivan
23
                                        Jered E. Matthysse (*Pro Hac Vice*
24                                      forthcoming)
                                        Email: jmatthysse@pirkeybarber.com
25                                      Ryan J. Miller (*Pro Hac Vice*
                                        forthcoming)
                                        PIRKEY BARBER PLLC
26
                                        Attorneys for Plaintiff Atom Tickets LLC
27

28
                                          7
                          COMPLAINT FOR DECLARATORY JUDGMENT
     999999-00902155/7102345.3