# PirkeyBarber PLLC

Lisa A. Harkins, Associate
1801 E. 6th Street, Suite 300
Austin, Texas 78702
lharkins@pirkeybarber.com

June 7, 2023

**VIA EMAIL: BHAYMAKER@HIGBEE.LAW**

Brynne Haymaker
Law Offices of Higbee & Associates
1504 Brookhollow Drive, Suite 112
Santa Ana, California 92705

Re: *Atom Tickets, LLC's Commentary on Embedded Tweets*
(Our Ref. ATOM015)

Dear Ms. Haymaker:

As you know, this law firm represents Atom Tickets, LLC in copyright matters. We write in response to your correspondence dated April 10, 2023, which has been considered by our client. While Atom of course respects the intellectual property rights of others, our client emphatically disagrees with your accusations.

As an initial matter, your client published the photographs in question in 2019 but did not register them until after the alleged infringement. Because your client did not register the photographs before the alleged infringement began or within three months of publication, statutory damages are unavailable.

More importantly, Atom's May 2019 article embedded and commented on Twitter posts containing the photographs at issue and on audience expectations for the movie *Star Wars: The Rise of Skywalker*, which was due to be released shortly after publication of the article. The article was titled "New 'Rise of Skywalker' Images Reveal New Characters, Epic Lightsaber Battle." Prior to the embedded third-party tweets displaying the photos, the article stated: "judging by these new pictures and story details revealed in Vanity Fair, director J.J. Abrams is going out with a bang." The article then prefaced the embedded tweets with "Check out the pics below."

Such use—if embedded third-party tweets are even deemed 'use' within the meaning of the Copyright Act—falls squarely within the definition of a permitted fair use under copyright law. The embedded links were incorporated within an article commenting on the embedded images to inform Atom's users about the upcoming movie release and speculate on anticipated elements of the movie. Moreover, there is no question that the embedded tweets did not take away from any potential market for the photographs.

Even if Atom's embedded links were deemed a 'use' of your client's photographs and not a fair use, your client would be unable to show that Atom's use was willful. Our client clearly did not use the photos with the intent to infringe your client's rights. Rather, Atom



pirkeybarber.com      Austin, Texas • 512.322.5200      Tysons, Virginia (D.C. Metro) • 571.395.4630

June 7, 2023
Page 2

believed in good faith that its embedded links to the photos was a permitted fair use. Given the fact that our client reasonably believed (and still believes) that its embedded linking to tweets displaying the photos was a protected fair use, if its use is deemed an infringement, our client would be an innocent infringer.

For these reasons, and others, our client believes that your client will not be able to obtain monetary relief in this dispute. That said, our client has no desire to draw out this dispute. To that end, Atom is willing to provide your client with a payment of $1,000 and to agree to never use the photos in the future. This offer is solely to resolve this matter and address the concerns of your client. Our client continues to deny any liability or wrongdoing from its embedded links to and commentary on the tweets containing the photographs.

Very truly yours,

*Lisa Harkins*

Lisa A. Harkins

| | |
|---|---|
| **From:** | Reginald Russell |
| **To:** | Jered Matthysse |
| **Cc:** | Anna Kuhn; Lisa Harkins; Ryan J. Miller; Brynne Haymaker |
| **Subject:** | Re: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC |
| **Date:** | Monday, July 17, 2023 1:35:29 PM |
| **Attachments:** | image001.png |

Jered,

The only reason that I sent 4Internet to you is because it is a ruling based on *Perfect 10*'s server test in the context of a search engine (4Internet LLC). I also sent you *Free Speech* which clearly distinguishes *Perfect 10*, as applicable in the context of an internet search engine, and denying Defendant's Motion to Dismiss Plaintiff's claim of direct infringement. See below. I think you may have missed that.

> There are two problems with FSS's wholesale reliance on *Perfect 10*. First, FSS cites no case applying the *Perfect 10* server test outside of the context of search engines. Indeed, subsequent cases have refused to apply the *Perfect 10* server test outside of that context. *See, e.g., Goldman v. Breitbart News Network, LLC,* 302 F.Supp.3d 585, 592 (S.D.N.Y. 2018); *The Leader's Inst., LLC v. Jackson* (*TLI*), 2017 WL 5629514, at *11 (N.D. Tex. Nov. 22, 2017). While these cases are from outside the Ninth Circuit, FSS has not provided *any* case within the Ninth Circuit applying the server test outside of the search engine context or in the context here, the wholesale posting of copyrighted material on a news site.

<u>Free Speech Sys., LLC v. Menzel,</u> 390 F. Supp. 3d 1162 (N.D. Cal. 2019).

Our offer of $44000.00 still stands. We urge you to accept our offer while it is still available.


Respectfully,

Reginald Russell
Nevada Bar 12275
Higbee & Associates
Attorney at Law - Copyright Division
<u>Firm's Headquarters</u>
Law Firm of Higbee & Associates
Brookhollow Dr., Suite 112
Santa Ana, CA 92705
rrussell@higbee.law
Phone: 714-617-8300 x 155

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.

**From:** Jered Matthysse <jmatthysse@pirkeybarber.com>
**Date:** Friday, July 14, 2023 at 2:46 PM
**To:** Brynne Haymaker <bhaymaker@Higbee.law>, Reginald Russell <rrussell@Higbee.law>
**Cc:** Anna Kuhn <akuhn@pirkeybarber.com>, Lisa Harkins <lharkins@pirkeybarber.com>, Ryan J. Miller <rmiller@pirkeybarber.com>
**Subject:** RE: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

***For Settlement Purposes Only – Rule 408***

Reginald,

It is clear from your response that you have not even read the cases we cited. Instead, you continue to cite and quote inapposite cases. For instance, your reliance on *Free Speech Sys., LLC v. Menzel,* 390 F. Supp. 3d 1162 (N.D. Cal. 2019), is unfounded. That case had nothing to do with embedded Tweets and the court never reached a conclusion about the server test. In contrast, since that decision, at least two different courts in the 9th Circuit have applied the server test in analogous cases. *See Miller v. 4Internet, LLC*, 2022 WL 2438815 (D. Nev. July 5, 2022); *Hunley v. Instagram, LLC*, 2021 WL 4243385 (N.D. Cal. Sept. 17, 2021). Indeed, the court in *Miller* ruled it was "objectively unreasonable" for your firm to make the very arguments you are making here regarding embedded Tweets. As a result of your firm's unreasonableness, your client was required to pay the defendant's attorneys' fees.

Even if you were correct that the server test does not apply, there are many other reasons why your client would be unlikely to obtain relief. For example, your client authorized the photos to be posted on Twitter. Your client thereby granted Twitter a license to sublicense the photos. *See* twitter.com/en/tos. In addition, your client—at a minimum—should have been aware of our client's embedded content at the time the content was posted. Thus, your client will almost certainly not be able to rely on the "discovery rule," meaning its claims are likely time-barred.

For these and numerous other reasons, our client has serious doubts about the merits of your client's claims. Indeed, we expect that if you sue, as in *Miller*, our client would recover its fees for having to defend against your "objectively unreasonable" arguments. Nevertheless, our client is prepared to make one last offer to resolve this dispute—Atom Tickets will pay your client $11,000 to settle this matter, with a release of all claims. As before, our client denies any liability or wrongdoing, and reserves all rights.

Best,

Jered E. Matthysse
Member
1801 East 6th Street, Suite 300 | Austin, Texas 78702 | USA
512-482-5245 (direct) | 512-322-5201 (fax)

**PirkeyBarber** PLLC

**From:** Brynne Haymaker <bhaymaker@Higbee.law>
**Sent:** Thursday, July 6, 2023 3:19 PM

**To:** Reginald Russell <rrussell@Higbee.law>; Jered Matthysse <jmatthysse@pirkeybarber.com>
**Cc:** Anna Kuhn <akuhn@pirkeybarber.com>; Lisa Harkins <lharkins@pirkeybarber.com>; Ryan J. Miller <rmiller@pirkeybarber.com>
**Subject:** Re: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Dear Mr. Matthysse,

Attorney Russell requests that I inform you that our client declined your offer of $6,000. Attorney Russell would like to inform you that our client authorized that we extend a reduced offer of $44,000. Please advise if your client accepts.

Thank you,

Brynne Haymaker
bhaymaker@higbee.law
Paralegal
Copyright Enforcement Division

Paralegals are non-attorney staff members who assist attorneys in resolving copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (657) 229 - 6210
Fax: (714) 597-6559

---

**From:** Reginald Russell <rrussell@Higbee.law>
**Date:** Thursday, July 6, 2023 at 12:50 PM
**To:** Jered Matthysse <jmatthysse@pirkeybarber.com>
**Cc:** Anna Kuhn <akuhn@pirkeybarber.com>, Lisa Harkins <lharkins@pirkeybarber.com>, Ryan J. Miller <rmiller@pirkeybarber.com>, Brynne Haymaker <bhaymaker@Higbee.law>
**Subject:** Re: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Jered,

Your arguments are misplaced. In June 2019, a decision from the Northern District of California, *Free Speech Sys., LLC v. Menzel,* 390 F. Supp. 3d 1162 (N.D. Cal. 2019), cast further doubt on the applicability of the Server Test to the display right outside of the context of an internet search engine, even within the Ninth Circuit. The Northern District Court acknowledged that the server test was precedential authority in the Ninth Circuit, but elaborated that "subsequent cases have refused to apply the *Perfect 10* server test outside of [the search engine] context…" and that "[plaintiff] has not provided any case within the Ninth Circuit applying the server test outside of the search engine context…." *Id.* at 1172.

It is you who refuses to acknowledge case law, to the detriment of your client. I seriously doubt you want to be making the same arguments in front of a district court judge. The more time you spend making losing arguments, the more money your client is paying to you, and if our client decides to litigate the more money your client will end up paying in the form of a judgment as opposed to a modest settlement.

Please stand by for my assistant, Brynne, to address your offer. Please direct your correspondence to her if you would like to resolve this matter and cc me.

Respectfully,

Reginald Russell
Nevada Bar 12275
Higbee & Associates
Attorney at Law - Copyright Division
<u>Firm's Headquarters</u>
Law Firm of Higbee & Associates
Brookhollow Dr., Suite 112
Santa Ana, CA 92705
rrussell@higbee.law
Phone: 714-617-8300 x 155

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.

**From:** Jered Matthysse <jmatthysse@pirkeybarber.com>
**Date:** Thursday, July 6, 2023 at 7:00 AM
**To:** Reginald Russell <rrussell@Higbee.law>, Brynne Haymaker <bhaymaker@Higbee.law>
**Cc:** Anna Kuhn <akuhn@pirkeybarber.com>, Lisa Harkins <lharkins@pirkeybarber.com>, Ryan J. Miller <rmiller@pirkeybarber.com>
**Subject:** RE: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

***For Settlement Purposes Only – Rule 408***

Reginald,

Your insistence on ignoring the case law governing our client's business, particularly as cited and explained in *Miller v. 4Internet, LLC*, 2022 WL 2438815 (D. Nev. July 5, 2022); WL 17823560 (D. Nev. Dec. 20, 2022), in favor of copying-and-pasting excerpts from various other cases is unpersuasive, to say the least. We continue to believe your client cannot overcome the server test or fair-use doctrine. Nevertheless, our client would prefer to resolve this matter and has authorized me to offer your client $6K to settle this matter now. As before, we view this as a nuisance payment to quickly resolve this dispute.

Please advise whether your client accepts this offer. In the meantime, our client denies any liability or wrongdoing and reserves all rights.

Best,

**Jered E. Matthysse**
Member
1801 East 6th Street, Suite 300 | Austin, Texas 78702 | USA
512-482-5245 (direct) | 512-322-5201 (fax)

**PirkeyBarber** PLLC

---

**From:** Reginald Russell <rrussell@Higbee.law>
**Sent:** Wednesday, June 28, 2023 2:22 PM
**To:** Jered Matthysse <jmatthysse@pirkeybarber.com>
**Cc:** Anna Kuhn <akuhn@pirkeybarber.com>; Lisa Harkins <lharkins@pirkeybarber.com>; Ryan J. Miller <rmiller@pirkeybarber.com>; Brynne Haymaker <bhaymaker@Higbee.law>
**Subject:** Re: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Good afternoon,

Your arguments that there can be no copyright-infringement liability for inline-linked images is misguided and will result in escalation of this claim to our litigation department if we are not able to come to an amicable settlement.

As for inline linking, perhaps you were unaware but the source of the image being displayed, whether hosted or linked, does not make much difference because the work was still *displayed*, which is a violation of the exclusive rights of the copyright owner.  17 USC 106(5).  In fact, most circuits never accepted or applied what *was* known as "the server test" for such inline linking. See *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 592 (S.D.N.Y. 2018).  As that court found, "… there is no basis for a rule that allows the physical location or possession of an image to determine who may or may not have 'displayed' a work within the meaning of the Copyright Act."  *Id* at 593.

The "server test" was only broadly used in the 9th Circuit, which created it, but then it brought itself

more in line with the other circuits as it found the use of thumbnails and/or inline-linking qualifies as fair use *only* when it involves both and then within in a search engine.  See *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 741 (9th Cir. 2019).  Such in-line, or deep, linking is allowed because thumbnails and linking in a search engine "…improve[s] access to images on the internet and their related web sites" by "index[ing]" the internet and linking to the original source image generated in the search results." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 741 (9th Cir. 2019), citing *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 815-16, 818 (9th Cir. 2002).

"By displaying the … photo on a server that was publicly accessible to anyone with an Internet connection, (defendant) publicly displayed the photo, … regardless of whether or not any particular person actually found and viewed it." *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1073 (9th Cir. 2021), citing 17 U.S.C. § 106(5).

I am confident that a district judge will not take kindly to your arguments that you were entitled to use inline linking where you did nothing to transform the image, it was used in a commercial context to increase your website's traffic and readership, for your own benefit, and without payment of the copyright holder's licensing fee. You are not a nonprofit, and not a news agency of any sort. Your claim that you are reporting on a news worthy event is not even worth serious consideration. There is no transformation and you cannot reasonably claim fair use. If you did, it would be a losing argument for you prove.

Fair use is an affirmative defense for **you to prove**, not for us to disprove. See *Perfect 10, Inc. v. Amazon.Com, Inc.*, 508 F.3d 1146, 1163 (9th Cir. 2007), citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006); *Abbott Labs. v. Andrx Pharms., Inc.*, 473 F.3d 1196, 1201 (Fed. Cir.2007); and *PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1365 (Fed.Cir.2006). As you know, being a non-profit *entity* is no license to take and use the property of others without authorization.  To be clear, whether or not the *use* was non-profit is but *one* part of the First Factor analysis of the fair use defense and even an educational and non-profit use is no bar to a finding of infringement.  See *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 584 (1994) ("Accordingly, the mere fact that a use is educational and not for profit does not insulate it from a finding of infringement, any more than the commercial character of a use bars a finding of fairness.").  Without transformation, it is probable that even non-profit and educational use can fail to clear that first hurdle.

While you argue that you did not use the photos to make your page more readable or attractive (which is not even believable, why else would you use the photos) there is no way you can get around the fact that you expropriated the images for your own use and benefit, without paying the customary licensing fee. Now my client has had to go to extensive lengths to contact you, engage in negotiations, and retain an attorney to enforce its copyrights. Moreover, I do not think a judge would take kindly to the fact that we tried to facilitate a settlement, apprising you of these facts and our client's position, however, you were not amenable to settlement in spite of your wrongdoing.

In such case, given the quality, experience, and excellent reputation of the photographer in this case, I am confident that the actual damages will far exceed our initial demand of $48,000.00, for it is well-established that an award in judgment for statutory damages of between 3 and 5 times the

normal license fee is common for unintentional, or *not innocent*, infringement.  See *Broad. Music, Inc. v. Prana Hospitality, Inc.,* 158 F.Supp.3d 184,199 (S.D.N.Y. 2016).

In addition, the copyright holder is entitled to compensation and to issue licenses "only on terms the copyright owner finds acceptable" if it wishes, including setting a price it has determined to be appropriate.  *UMG Recordings, Inc. v. MP3.Com. Inc.*, 92 F. Supp. 2d 349, 352 (S.D.N.Y. 2000). "Having taken the copyrighted material, (defendant) is in no better position to haggle over the license fee than an ordinary thief and must accept the jury's valuation unless it exceeds the range of the reasonable market value (and) was (not) contrived or artificially inflated." *Polar Bear Productions, Inc. v. Timex Corp*., 384 F.3d 700, 709 (9th Cir. 2004).

As such, your reliance on outdated precedence will end up costing you more than what we have requested for reasonable settlement of this matter. Your offer of $4000.00 in settlement of this matter is, therefore, rejected, as it is not enough for us to reasonably consider.

Nevertheless, in an effort to come to an amicable resolution, our counteroffer is $46,000.00, which is a reduction of $2000.00 from the original demand of $48,000.00.

If paid on or before June 30, 2023, we will reduce that offer to $35000.00.

Please let us know if you are able to accept the counteroffer of $46000.00 or if you are able to accept the offer of $35000.00 contingent upon payment on or before June 30, 2023.


Respectfully,

Reginald Russell
Nevada Bar 12275
Higbee & Associates
Attorney at Law - Copyright Division
<u>Firm's Headquarters</u>
Law Firm of Higbee & Associates
Brookhollow Dr., Suite 112
Santa Ana, CA 92705
rrussell@higbee.law
Phone: 714-617-8300 x 155

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.

---

**From:** Jered Matthysse <jmatthysse@pirkeybarber.com>
**Date:** Tuesday, June 27, 2023 at 8:15 AM
**To:** Brynne Haymaker <bhaymaker@Higbee.law>, Reginald Russell <rrussell@Higbee.law>
**Cc:** Anna Kuhn <akuhn@pirkeybarber.com>, Lisa Harkins <lharkins@pirkeybarber.com>, Ryan J. Miller <rmiller@pirkeybarber.com>
**Subject:** RE: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets,

LLC

Dear Mr. Russell:

We have conveyed your below correspondence and proposal to our client.

After careful consideration, we continue to strongly disagree that our client has infringed Trunk Archive's rights. The alleged display of your client's copyrighted photos merely included inline links of Tweets containing legitimate copies of your client's photos. As you are well aware, there can be no "copyright-infringement liability for inline-linked images" where, as here, the "website does not store a copy of the copyrighted image on its own server." *Miller v. 4Internet, LLC*, 2022 WL 2438815 (D. Nev. July 5, 2022); *see also Hunley v. Instagram, LLC*, 2021 WL 4243385 (N.D. Cal. Sept. 17, 2021). Indeed, it is "objectively unreasonable" to argue otherwise. *4Internet, LLC*, 2022 WL 17823560 (D. Nev. Dec. 20, 2022). Accordingly, your claim that our client infringed your client's rights is nothing more than an attempt to leverage the threat of a lawsuit to obtain a payment for which your client is not otherwise entitled.

Our client's use of the photos was also transformative. Our client did not use the photos to make "the subject of the writing and/or the page more readable or attractive without any transformation of the work." Rather, engaging with the highly newsworthy event of a new Star Wars movie, our client made valuable commentary about the photos. Such commentary on an important newsworthy event is transformative and is a classic example of fair use.

Even if our client had infringed your client's rights (it did not), your client's damages would not be anywhere near the $48K you are demanding. As you conceded, your client is precluded from recovering statutory damages. Accordingly, even if our client was found liable, your client could only recover actual damages. A rights holder's actual damages are limited to damages resulting from actions occurring within three years prior to filing suit. *Sohm v. Scholastic Inc.*, 959 F.3d 39, 51 (2d Cir. 2020). This limitation applies regardless of whether the rights holder was aware of the infringement. *Id*. Thus, your client's damages are limited to those resulting from our client's use after July 2020, more than six months after the Star Wars movie was released in December 2019. By July 2020, your client's photos had lost most if not all of their commercial and licensable value. Thus, your client's recoverable actual damages would be minimal.

For these reasons, among many others, our client believes that your client's demands are unreasonable. However, in order to settle this matter now, our client is willing to pay $4K ($1K for each allegedly infringing photo) to your client. Given the baseless nature of your client's claims, this offer is essentially a nuisance payment, as we do not believe your client can file suit in good faith. Please advise whether your client accepts this offer. In the meantime, our client continues to deny any liability or wrongdoing and reserves all rights.

Best regards,

Jered E. Matthysse
Member
1801 East 6th Street, Suite 300 | Austin, Texas 78702 | USA
512-482-5245 (direct) | 512-322-5201 (fax)
**Pirkey**Barber PLLC

---

**From:** Lisa Harkins <lharkins@pirkeybarber.com>
**Sent:** Tuesday, June 20, 2023 7:30 AM
**To:** Brynne Haymaker <bhaymaker@Higbee.law>; Reginald Russell <rrussell@Higbee.law>
**Cc:** Jered Matthysse <jmatthysse@pirkeybarber.com>; Anna Kuhn <akuhn@pirkeybarber.com>

**Subject:** Re: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Hi Brynne,

I am on vacation this week, and will follow up next week when I return.

Lisa

**Lisa Harkins**
Associate
1801 East 6th Street, Suite 300 | Austin, Texas 78702 | USA
737-443-8807 (direct) | 512-322-5201 (fax)

**PirkeyBarber** PLLC

---

**From:** Brynne Haymaker <bhaymaker@Higbee.law>
**Date:** Monday, June 19, 2023 at 3:46 PM
**To:** Reginald Russell <rrussell@Higbee.law>, Lisa Harkins <lharkins@pirkeybarber.com>
**Cc:** Jered Matthysse <jmatthysse@pirkeybarber.com>, Anna Kuhn <akuhn@pirkeybarber.com>
**Subject:** Re: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Dear Ms. Harkins,

Attorney Russell requests that I follow up with you regarding this matter. Please advise how your client will proceed to resolve this claim.

Thank you,

Brynne Haymaker
bhaymaker@higbee.law
Paralegal
Copyright Enforcement Division

Paralegals are non-attorney staff members who assist attorneys in resolving copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (657) 229 - 6210
Fax: (714) 597-6559

---

**From:** Reginald Russell <rrussell@Higbee.law>
**Date:** Tuesday, June 13, 2023 at 1:06 PM
**To:** Lisa Harkins <lharkins@pirkeybarber.com>
**Cc:** Jered Matthysse <jmatthysse@pirkeybarber.com>, Anna Kuhn <akuhn@pirkeybarber.com>, Brynne Haymaker <bhaymaker@Higbee.law>
**Subject:** Re: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Dear Ms. Harkins,

We are in receipt of your letter, dated June 7, 2023, reiterating your client's respect for the intellectual property of others.

While registration of the copyright is necessary to *file suit*, actual damages are available even for late registration.  See *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 886-87 (2019).  Here, the fact that statutory may not be available for certain images does not negate the fact that actual damages are available and wholly applicable here. That said, there is no registration requirement for pre-litigation settlement.  As such, registration would be provided in initial disclosures, if suit would need be filed.

At this stage, we are merely giving your client an opportunity to settle out of court to avoid the time and expense of litigation. If forced to litigate, our client reserves the right to pursue all applicable remedies, which may include actual damages, injunction, disgorgement, and other remedies as applicable.

Your claim that your client respects the intellectual property of others, while failing to acknowledge the rights of our client based on your client's use of images as embedded third-party tweets, can only be characterized as disingenuous. Somehow, you claim that such unauthorized use is not even deemed use, or, in the alternative, it is fair use. In tandem with that argument, you also claim that the unauthorized use did not take away from any potential market and that your client would be deemed an innocent infringer. As a result, our client would not be eligible for damages.

We disagree, as would a district court in light of the court's ruling on this very issue. "'…it cannot be that the Copyright Act grants authors an exclusive right to display their work publicly only if that public is not online.' Therefore, the Court finds that Defendant did in fact display Plaintiff's Photograph when it embedded the Photograph in the Article."  See *McGucken v. Newsweek* LLC et al, 1-19-cv-09617, *12-13 (SDNY Mar. 21, 2022).

Of course, you do not provide any legal precedence for your arguments because there isn't any that you can cite in support of your arguments. You do not even take the time to demonstrate how your client's use would be deemed fair use. Instead of making credible arguments, you offer nothing more than mere assertions, with no substance at all. Fair use is an affirmative defense for **you to prove**, not for us to disprove. See *Perfect 10, Inc. v. Amazon.Com, Inc*., 508 F.3d 1146, 1163 (9th Cir. 2007), citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006); *Abbott Labs. v. Andrx Pharms., Inc.*, 473 F.3d 1196, 1201 (Fed. Cir.2007); and *PHG Techs., LLC v. St. John Cos*., 469 F.3d 1361, 1365 (Fed.Cir.2006).

As I am sure you are aware, the fact that your client prefaced the embedded tweets in its article with the term "check out the tweets below" is equally irrelevant and does not absolve your client of liability. Your client was not reporting news, your client used the images as a draw to its website, to embellish its blog, and to attract a readership following, such commercial activity militates against fair use.

The "central purpose" of the first factor is to determine "…whether and to what extent the work is transformative." *Campbell v. Acuff-Rose Music, Inc*., 510 U.S. 569, 579 (1994). This is especially clear when dealing with photographs as "[u]sing a photo for the precise reason it was created does not support a finding that the nature and purpose of the use was fair." *BWP Media USA, Inc. v. Gossip Cop Media, Inc.* 196 F.Supp. 3d 395, 407 (S.D.N.Y. 2016) citing *Fitzgerald v. CBS Broadcasting, Inc.*, 491 F. Supp. 2d 177 (D. Mass. 2007) (finding a news outlet's use of a photojournalist's image of an arrest for the purpose of reporting on that arrest not transformative, as it used the photograph for the precise reason it was created).  Also, reuse of an image is not fair use

when it is merely illustrative of the subject. See *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1173 (9th Cir. 2003). In other words, repackaging the work is not transformative. See *Dr. Seuss Enters., L.P. v. ComicMix, LLC*, 983 F.3d 443, 453 (9th Cir. 2020). Here, the image was used because it portrayed the subject of the writing and/or made the page more readable or attractive without any transformation of the work, which is an infringement. The lack of actual transformation militates against a finding of fair use.

The mere fact that you claim fair use does not equate to fair use and does not mean that your client did not derive a profit/benefit. As previously mentioned, the images were used to draw attention to your client's blog, to make it more attractive, to embellish it, and to introduce and emphasize topics of discussion tailored to a particular market segment. Instead of receiving payment for the use of the images, the unauthorized use deprived my client of its license fee, and profited your client – again, weighing heavily against your argument of fair use.

Our client earns income from licensing of images in *this* market so the lack of payment is direct financial harm, otherwise this firm would not be retained to recover the lost income. However, courts are required "… to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether **unrestricted and widespread conduct** of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the **potential** market" for the original.'" *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994) (**emphasis added**), citing Nimmer § 13.05[A][4], p. 13-102.61. A recent decision provides much clarity to this factor, explaining it is a hypothetical question. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 744 (9th Cir. 2019), citing *Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 568 (1985). Thus, the question is not just whether your client harmed our client but how multitudes of infringers such as your client would harm our client and that would mean a substantial loss of income for our client, which would certainly be harmful.

Lastly, your client had every reason to believe the image was protected by copyright because nearly *everything* is protected by copyright from the moment each original work is first made available. 17 USC 102(a). Only the works of the US government are not so protected. 17 USC 105. Your client is expected to know that it needs permission from the copyright owner – even if it does not know the identity of the owner. As such, your client is also not *innocent* for innocence requires more than a lack of knowledge or intent to infringe, but also a reasonable reliance on the warranty of a false licensor and even a lack of sophistication is not enough to prove innocence. *Bryant v. Europadisk, Ltd.,* 91 U.S.P.Q.2d 1825, 1832 (S.D.N.Y. 2009), affirmed *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010).

"one who 'exercised control' *or* 'selected any material for upload, download, transmission, or storage' has acted volitionally. *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1081 (9th Cir. 2021) (**emphasis added**), citing *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019).

Had your client done its required due diligence prior to use, it would have already had known the identity of the copyright holder for our client's Copyright Management Information (CMI) is clearly available with the offering. For instance, see below:



https://www.trunkarchive.com/CS.aspx?VP3=LoginRegistration&L=True&R=False&RW=1680&RH=939

Finally, in terms of the value of my client's image, the copyright holder is entitled to compensation and to issue licenses "only on terms the copyright owner finds acceptable" if it wishes, including setting a price it has determined to be appropriate. *UMG Recordings, Inc. v. MP3.Com. Inc.*, 92 F. Supp. 2d 349, 352 (S.D.N.Y. 2000). "Having taken the copyrighted material, (defendant) is in no better position to haggle over the license fee than an ordinary thief and must accept the jury's valuation unless it exceeds the range of the reasonable market value (and) was (not) contrived or artificially inflated." *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004). Below you can find the licensing fees applicable to Reuters.

It is well-established that an award in judgment for statutory damages of between 3 and 5 times the normal license fee is common for unintentional, or *not innocent*, infringement.  See *Broad. Music, Inc. v. Prana Hospitality, Inc.,* 158 F.Supp.3d 184,199 (S.D.N.Y. 2016).

We have been courteous enough to offer your client the opportunity to settle outside of court, avoiding the time and expense of litigation, with an offer of $48000. Considering the abundance of images used as well as the high profile of these images and the photographer, we believe this is more than fair settlement. Your offer of $1000 is too low for us to seriously consider. Please let us know if you can accept our offer or if you have a reasonably close counteroffer for us to consider.

Respectfully,

Reginald Russell
Nevada Bar 12275
Higbee & Associates
Attorney at Law - Copyright Division
Firm's Headquarters
Law Firm of Higbee & Associates
Brookhollow Dr., Suite 112
Santa Ana, CA 92705
rrussell@higbee.law
Phone: 714-617-8300 x 155

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.

**From:** Brynne Haymaker <bhaymaker@Higbee.law>
**Date:** Monday, June 12, 2023 at 9:36 AM
**To:** Reginald Russell <rrussell@Higbee.law>
**Subject:** FW: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Hi Reggie,

Can you please review the attached letter?

Thank you,

Brynne Haymaker
bhaymaker@higbee.law
Paralegal
Copyright Enforcement Division

Paralegals are non-attorney staff members who assist attorneys in resolving copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (657) 229 - 6210
Fax: (714) 597-6559

---

**From:** Lisa Harkins <lharkins@pirkeybarber.com>
**Date:** Wednesday, June 7, 2023 at 9:32 AM
**To:** Brynne Haymaker <bhaymaker@Higbee.law>
**Cc:** Jered Matthysse <jmatthysse@pirkeybarber.com>, Anna Kuhn <akuhn@pirkeybarber.com>
**Subject:** Re: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Ms. Haymaker:

A response letter is attached.

Regards,
Lisa Harkins

**Lisa Harkins**
Associate
1801 East 6th Street, Suite 300 | Austin, Texas 78702 | USA
737-443-8807 (direct) | 512-322-5201 (fax)
PirkeyBarber PLLC

---

**From:** Brynne Haymaker <bhaymaker@Higbee.law>
**Date:** Saturday, June 3, 2023 at 4:00 PM
**To:** Lisa Harkins <lharkins@pirkeybarber.com>, Jered Matthysse <jmatthysse@pirkeybarber.com>, Anna Kuhn <akuhn@pirkeybarber.com>
**Subject:** Re: Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Dear Ms. Harkins,

The attorney requests that I follow up with you. Please provide an update regarding this claim.

Thank you,

Brynne Haymaker
bhaymaker@higbee.law
Paralegal
Copyright Enforcement Division

Paralegals are non-attorney staff members who assist attorneys in resolving copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com )

1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (657) 229 - 6210
Fax: (714) 597-6559

---

**From:** Brynne Haymaker <bhaymaker@Higbee.law>
**Date:** Friday, April 28, 2023 at 1:08 PM
**To:** lharkins@pirkeybarber.com <lharkins@pirkeybarber.com>, jmatthysse@pirkeybarber.com <jmatthysse@pirkeybarber.com>, akuhn@pirkeybarber.com <akuhn@pirkeybarber.com>
**Subject:** Higbee claim RQMR2V / Your Ref. ATOM015 - Copyright - Atom Tickets, LLC

Dear Ms. Harkins,

I am assisting the attorney with resolving this matter. We have updated our files to reflect your representation. Please reach out to me when you finish your review so that I can assist you with resolving this claim.

Thank you,

Brynne Haymaker
bhaymaker@higbee.law
Paralegal
Copyright Enforcement Division

Paralegals are non-attorney staff members who assist attorneys in resolving copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (657) 229 - 6210
Fax: (714) 597-6559